J-A21029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                    :         PENNSYLVANIA
                                    :
           v.                           :
                                    :
                                    :
ISAIAH ANDERSON                 :
                                    :
           Appellant           :   No. 2842 EDA 2022

Appeal from the Judgment of Sentence Entered May 20, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007955-2019

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:              **FILED NOVEMBER 29, 2023**

Appellant, Isaiah Anderson, appeals from the December 16, 2022 Judgment of Sentence entered in the Philadelphia County Court of Common Pleas following his open guilty plea to Burglary, Strangulation, and Unlawful Restraint.[1] Appellant's counsel, James Lloyd, Esquire, has filed a Petition to Withdraw as Counsel and an ***Anders***[2] Brief, to which Appellant has filed a response. Upon review, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

**A.**

We glean the following facts from the Commonwealth's recitation during Appellant's plea hearing and the certified record:

---

[1] 18 Pa.C.S. §§ 3502(a)(1)(i), 2718(a)(1), and 2902(a)(1).

[2] ***Anders v. California***, 386 U.S. 738 (1967).

> [O]n September 22, 2019, the complainant, a Ms. Frannie Poland, was at her home on the 1100 block of Ruby Street in the city and county of Philadelphia. Around 9 p.m., she went to go upstairs to bed. At the top of the stairs, she saw [Appellant]. He was completely naked. He came down the steps. He pushed her down, lifted up her shirt, touched her breasts, and straddled her. He put his hand over her mouth. She was able to get him off of her. She screamed. And the neighbors called the police. There was no permission for [Appellant] to enter her home.

N.T. Guilty Plea H'rg, 12/17/21, at 9.

The Commonwealth arrested Appellant and charged him with, *inter alia*, Burglary, Strangulation, and Unlawful Restraint. On December 17, 2021, Appellant, represented by Jason Kadish, Esquire, entered an open guilty plea to one count each of the above offenses.[3] During the plea hearing, the court reviewed Appellant's written plea colloquy and completed a verbal plea colloquy. On the written colloquy, the Commonwealth indicated that Appellant's prior record score ("PRS") was 3 and that the offense gravity scores ("OGS") for Burglary and Strangulation were both 9, for a standard guideline range sentence of 30 to 42 months, plus or minus 12 months, on each charge. The court did not discuss the sentencing guidelines during the verbal colloquy but informed Appellant that the maximum possible sentence was 35 years of incarceration. The court ordered presentence and mental health reports, and deferred sentencing.

_____

[3] In exchange, the Commonwealth agreed to *nolle pros* the remaining charges, which were Criminal Attempt—Rape, Criminal Trespass, Indecent Assault—Forcible Compulsion, Indecent Exposure, Simple Assault, Recklessly Endangering Another Person, False Imprisonment, Criminal Attempt—Sexual Assault, and Indecent Assault—Without Consent.

On May 20, 2022, the trial court held a sentencing hearing. At the hearing, the Commonwealth clarified that the proper OGS for Burglary was 10,[4] resulting in a guideline range of 42 to 54 months, plus or minus 12 months. The court sentenced Appellant to an aggregate term of 7 to 20 years of incarceration, followed by 10 years of probation.[5]

On May 31, 2022, Appellant filed a post-sentence motion seeking reconsideration of his sentence. He did not challenge his guilty plea. On October 28, 2022, the court denied the motion, permitted Attorney Kadish to withdraw, and appointed James Lloyd, Esquire as appellate counsel.

This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

**B.**

On May 19, 2023, Attorney Lloyd filed an ***Anders*** Brief. On June 16, 2023, Appellant filed a response to the ***Anders*** Brief.

In the ***Anders*** Brief, counsel indicated that Appellant wished to raise the following issues on appeal:

1. Was the sentence imposed upon [Appellant] by the lower court manifestly excessive?

---

[4] Burglary has an offense gravity score of 10 when (1) a person is present and (2) the crime a defendant intended to commit is a "bodily injury" crime. 204 Pa. Code § 303.15. "Bodily injury" crimes include any offense under Chapter 27 or 29 or the Crimes Code. 18 Pa.C.S. § 3502(e). Here, Appellant pled guilty to committing a crime under both Chapter 27 (Strangulation) and Chapter 29 (Unlawful Restraint) of the Crimes Code.

2. Is the guilty plea in this matter valid – that is, should [Appellant] be permitted to withdraw his guilty plea?

3. Did plea counsel provide ineffective assistance to [Appellant] causing him to enter a guilty plea that was not knowing, intelligent and voluntary?

*Anders* Brief at 5.

In Appellant's response to the *Anders* Brief, he purports to challenge the sufficiency of the evidence supporting his Strangulation conviction. Appellant's *Pro Se* Response, 6/16/23, at 1.

**C.**

When counsel files an *Anders* Brief, and the appellant files a *pro se* or counseled response, this Court will first determine whether counsel has complied with the dictates of *Anders* and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). *See Commonwealth v. Bennett*, 124 A.3d 327, 333 (Pa. Super. 2015) (outlining the proper procedure where counsel files an *Anders* Brief and the appellant files a response). If counsel has complied with *Anders* and *Santiago*, we address the issues raised in the *Anders* Brief. *Bennett*, 124 A.3d at 333.

If we determine that those issues are without merit, we examine the allegations Appellant raised in his *pro se* reply. *Id*. We treat this filing as an advocate's brief and review it "as we do any advocate's brief." *Id*. We are mindful that this Court is limited to examining only those issues raised and developed in the *pro se* reply. *Id.* "We do not act as, and are forbidden from acting as, appellant's counsel." *Id.*

- 4 -

In interpreting **Anders**, our Supreme Court in **Santiago** held that counsel seeking to withdraw from representing an appellant must file a brief that: "(1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous." **Santiago**, 978 A.2d at 361. In particular, "[c]ounsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Id.**

Counsel's brief meets the **Anders** requirements. Additionally, in his Application to Withdraw, counsel confirms that, on May 19, 2023, he sent Appellant a copy of the **Anders** Brief as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or to raise any additional points. Application to Withdraw as Counsel, 5/19/23, at ¶ 8; App'x A. **See Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (describing notice requirements).

Having confirmed counsel's compliance with the above requirements, we turn to the issues counsel raised in his **Anders** Brief. We will then address Appellant's response to counsel's **Anders** Brief.

**Issues Raised in Counsel's *Anders* Brief**

In the **Anders** brief, counsel indicates Appellant seeks to challenge his sentence as excessive, thus implicating the discretionary aspects of his

sentence. **Anders** Br. at 19. A challenge to the discretionary aspects of a sentence is not reviewable as a matter of right. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). **Id.**; **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006).

Appellant timely appealed and preserved his claim in a Post-Sentence Motion. Further, Counsel included a Rule 2119(f) Statement in the **Anders** Brief.[6] We will proceed, therefore, to consider whether Appellant's claim presents a substantial question.

We determine whether a substantial question has been raised on a case-by-case basis. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1)

---

[6] Appellant's counsel included a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f) in the **Anders** Brief but stated that he "cannot ethically advance a challenge to the discretionary aspects of the sentence imposed in the instant appeal." **Anders** Br. at 35.

inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms [that] underlie the sentencing process." *Id.* (citation and quotation marks omitted).

Here, Appellant asserts that the trial court imposed an excessive sentence because the court either "purported to sentence within the sentencing guidelines but applied the guidelines erroneously; sentenced within the [] guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or sentenced outside the [] guidelines and the sentence is unreasonable." *Anders* Br. at 31-32.

Generally, "[a] claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges presents a 'substantial question' for our review." *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001) (citations omitted); *see* 42 Pa.C.S. § 9781(c)(3) (providing that we shall vacate an unreasonable sentence falling outside the guidelines). Since Appellant asserted that the sentence imposed was "outside the guidelines" and "unreasonable," we conclude he has raised a substantial question. We thus proceed to address the merits of his sentencing challenge.

An appellate court will not disturb the sentencing court's judgment absent a manifest abuse of discretion. To constitute an abuse of discretion, "a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion." *Commonwealth v. Ahmad*, 961 A.2d 884, 887 (Pa. Super. 2008) (citation omitted). To

demonstrate that the sentencing court abused its discretion, "the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003) (citation omitted). "As long as the trial court's reasons demonstrate that it weighed the Sentencing Guidelines with the facts of the crime and the defendant's character in a meaningful fashion, the court's sentence should not be disturbed." *Id*. at 1018–19. Moreover, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171.

In its Rule 1925(a) opinion, the trial court maintains that each of Appellant's sentences were "squarely within the sentencing guidelines [range]." Trial Ct. Op., 2/14/23, at 7. We agree.

Appellant's sentence for Burglary is 4 to 10 years' incarceration followed by 10 years' probation. The standard sentencing guideline range, resulting from a PRS of 3 and an OGS of 10, is 42 to 54 months, or 3½ to 4½ years. 204 Pa. Code § 303.16(a). Therefore, Appellant's Burglary sentence is within the standard range.

Appellant's sentence for Strangulation is 3 to 10 years' incarceration, to be served consecutively to the incarceration for Burglary. The standard guideline range, resulting from a PRS of 3 and an OGS of 9, is 30 to 42 months,

or 2½ to 3½ years. 204 Pa. Code § 303.16(a). Therefore, Appellant's sentence for Strangulation is also within the standard range.

Finally, Appellant's sentence for Unlawful Restraint is 1 to 2 years' incarceration, to be served concurrently with his Burglary sentence. The standard guideline range, resulting from a PRS of 3 and an OGS of 5, is 6 to 16 months. 204 Pa. Code § 303.16(a). Therefore, Appellant's sentence for Unlawful Restraint is also within the standard range.

We, thus, agree with counsel that the record does not indicate that the court applied the guidelines erroneously or sentenced outside of the guidelines. Instead, our review of the record confirms that the court used the correct guidelines and sentenced Appellant within the guideline range for all charges.

With respect to Appellant's assertion that his sentence is excessive, we disagree. His sentence is within the standard guideline range. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *Moury*, 992 A.2d at 171.

Finally, we agree with counsel that nothing in the record indicates that this case involves circumstances such that it was unreasonable for the trial court to impose an aggregate sentence of 7-20 years, followed by 10 years' probation. *Anders* Br. at 31-32. Here, the sentencing court stated at the hearing that it considered Appellant's mental health evaluation and PSI report, Appellant's additional mental health documentation, his prior record, the

complaining witness's written statement and statement at the sentencing hearing, the complaining witness's daughter's statement, counsels' arguments, the Sentencing Code, and the facts and circumstances of the case. N.T. Sentencing, 5/20/22, at 50. We, thus, agree with counsel that Appellant's claim that his sentence is excessive is wholly frivolous.

\*

Appellant next challenges the validity of his guilty plea and asserts that he should be permitted to withdraw it. *Anders* Br. at 35. However, Appellant failed to preserve this claim for our review.

It is well-settled that when a defendant enters a guilty plea, he "waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." *Commonwealth v. Prieto*, 206 A.3d 529, 533-34 (Pa. 2019) (citation omitted). Moreover, to preserve a challenge to the validity of the guilty plea, an appellant must either object during the plea colloquy, at the sentencing hearing, or through post-sentence motions. *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 468-469 (Pa. Super. 2017). Failure to do so results in waiver. *Id.* at 469; *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Here, Appellant did not preserve a challenge to the validity of his guilty plea because he failed to raise such a challenge at his plea colloquy, sentencing, or in his post-sentence motion. He, thus, waived this challenge.

Since Appellant waived this issue, we agree with counsel that it is frivolous. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016) ("An issue that is waived is frivolous."); *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) ("Having been waived, pursuing this matter on direct appeal is frivolous.").

*

Finally, Appellant asserts that plea counsel was ineffective for allowing him to enter a guilty plea that was not knowing, intelligent, or voluntary. *Anders* Br. at 45. Generally, an allegation of ineffective assistance of counsel may not be considered on direct review. *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). Instead, pursuant to the Post Conviction Relief Act ("PCRA"),[7] a defendant must defer claims of ineffective assistance of counsel to PCRA review, unless: (1) the claim of ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration serves the interest of justice, or (2) there is good cause shown and the defendant has given a knowing and express waiver of his right to seek subsequent PCRA review. *Id*. at 563-64.

---

[7] 42 Pa.C.S. §§9541-9546.

- 11 -

Here, Appellant's claims do not fall under the limited circumstances in which ineffective assistance of counsel claims may be reviewed on direct appeal, and he has not waived his right to seek relief under the PCRA. **Anders** Br. at 47. Accordingly, we decline to review them at this juncture.

**Issues Raised in Appellant's *Pro Se* Response**

Appellant filed a *pro se* response to counsel's **Anders** Brief.[8] As stated above, our case law mandates that we treat this reply as an advocate's brief. **Bennett**, 124 A.3d at 333.

We have reviewed Appellant's *pro se* response, which is difficult to decipher. However, we are able to discern that his first two claims challenge the sufficiency of the evidence supporting his Strangulation conviction. Appellant first avers that he pled guilty to Strangulation under subsection 2718(a)(1), by "applying pressure to the throat or neck," but the facts adduced at his plea indicate that he committed Strangulation under subsection (a)(2), by "blocking the nose and mouth of the [victim.]" 18 Pa.C.S. § 2718(a)(1)-(2); Appellant's *Pro Se* Response, 6/16/23, at 1 (paraphrased). In his second claim, Appellant avers that, at his preliminary hearing, the victim admitted she could breathe while Appellant had his hand on her nose and

---

[8] This Court would typically conduct an independent review of the record for arguably meritorious issues that counsel missed or misstated. **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). However, as stated above, when an appellant files a response to an **Anders** Brief, "[this] Court is limited to examining only those issues raised and developed in the [response; w]e do not act as, and are forbidden from acting as, appellant's counsel." **Bennett**, 124 A.3d at 333.

mouth, so the Assistant District Attorney asked for the charge to be withdrawn. Appellant's *Pro Se* Response at 1 (paraphrased). Notably, Appellant does not cite to the notes of testimony where this exchange took place.

As discussed above, an appellant who pleads guilty "waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and [] the 'legality' of the sentence imposed." **Prieto**, 206 A.3d at 533-34 (citation and brackets omitted). Appellant waived his ability to challenge the sufficiency of the evidence when he entered his guilty plea. **See, e.g. Commonwealth v. Rounsley**, 717 A.2d 537, 539 (Pa. Super. 1998) ("It is well established that any issue relating to sufficiency of the evidence is waived by entry of a guilty plea[.]"). Therefore, Appellant's first two claims are waived.

In his third claim raised in response to the **Anders** brief, Appellant "stat[es] for the record" that the Commonwealth changed the OGS for Burglary from 9 (as stated at the plea hearing) to 10 (as stated at sentencing). Appellant's *Pro Se* Response at 1. He argues that this "changed [his] guideline range, plea agreement, and sentencing." **Id.**

Our review of the record confirms that the Commonwealth corrected the OGS for Burglary from 9 to 10 at sentencing. N.T. Sentencing at 6. Burglary has an OGS of 10 when (1) a person is present and (2) the crime a defendant intended to commit is a "bodily injury" crime—any offense under Chapters 27 or 29 of the Crimes Code. 204 Pa. Code § 303.15; 18 Pa.C.S. § 3502(e).

- 13 -

Here, Appellant pled guilty to committing a crime under both Chapter 27 (Strangulation) and Chapter 29 (Unlawful Restraint), so 10 is the correct OGS. Moreover, as noted above, Appellant entered into an open guilty plea, thereby acknowledging that the Commonwealth would not recommend a negotiated sentence to the court. Aside from the summary conclusion above, Appellant fails to specify how the court's ultimate sentence "changed" his plea agreement. Accordingly, we conclude that this claim warrants no relief.

**D.**

Following our review of the issues raised in counsel's *Anders* Brief, we agree with counsel and conclude that this appeal is wholly frivolous. In addition, Appellant failed to present any issues of merit in his response. Accordingly, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

Petition to Withdraw as Counsel granted; Judgment of Sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  11/29/2023

- 14 -